# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Bradley Charles Kuechle
Amy Linn Kuechle,

Debtors

Bankruptcy No.  10-43187
Chapter 7 Case

_____

## NOTICE OF MOTION AND MOTION TO
## TRANSFER PROPERTY FREE AND CLEAR OF LIENS

_____

To:   All parties in interest as listed in Local Rule 9013-3

The trustee, by and through its attorney, requests approval of its proposed sale of certain real property interests.  In support of its request, the trustee states as follows:

### NOTICE OF HEARING

1.      The court will hold a hearing on this motion at 11:00 am on June 8, 2011, before The Honorable Nancy Dreher in Courtroom No. 7W of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, or as soon thereafter as counsel may be heard.

2.      Any objection or response to this Motion must be filed and served by delivery not later than June 3, 2011, which is five (5) days before the date and time set for the hearing (including Saturdays, Sundays and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

**MOTION**

3.      On April 29, 2010, Debtor commenced its reorganization by filing a

voluntary petition for relief under chapter 7 of title 11 of the United States Code (the

"Bankruptcy Code").

4.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This

Motion arises under 11 U.S.C. §363 and Bankruptcy Rules 6004 and 9019.  This Motion

is filed under Bankruptcy Rule 9014 and Local Rules 9001 et seq.  This proceeding is a

core proceeding.

5.      Debtor owns 10 shares (the "Shares") in the Deer Lake Resort

Association, Inc. (the "Association").

6.      The trustee has received an offer to purchase the Shares for Twenty Five

Thousand Dollars ($25,000).  A copy of the Offer to Purchase is attached as Exhibit A

(the "Offer to Purchase").

7.      The proposed purchasers are Jacob and Stefanie Rothstein and Terry and

Judy Krebs.  Terry and Judy Krebs are currently shareholders in the Association and

are co-debtors with the Debtors on certain debts secured by real estate owned by the

Association; the Rothsteins are not current shareholders of the Association and, to the

best of trustee's knowledge, are not co-debtors on any debts with the Debtors. Other

than as described above, the purchaser's have no connections with the Debtor,

creditors or other party-in-interest, their respective attorneys and accountants, the

United States Trustee or any person employed in the Office of the United States

Trustee.

8.      The trustee has requested but has not been provided with any evidence

that the Debtors pledged the Shares to secure a debt.  Based on the foregoing, the

trustee believes that the Debtors' interest in the Shares is unencumbered.

9.      The Association owns certain real estate, which is encumbered by a

mortgage, but the mortgage does not create a security interest in the Shares.

10.      Association dues from the date of filing are due and will be paid by the

bankruptcy estate at closing.

11.      The Debtors' obligations as co-debtors on the debt secured by the

mortgage on the Association real estate will be paid as an unsecured obligation of the

Debtors, to the extent appropriate, through the bankruptcy estate.

12.      The trustee believes that acceptance of the Offer to Purchase is in the

best interests of the estate and should be approved.

13.      Pursuant to 11 U.S.C. §363(f), the trustee requests authority to transfer

the Shares free and clear of liens or other interests (other than Association dues).

14.      Selling the Shares free and clear of liens will not limit or otherwise affect

the mortgage held on the real estate owned by the Association.

**WHEREFORE,** the trustee moves the court for an order approving the sale of

Debtor's 10 shares of Deer Lake Resort Association for $25,000 to Jacob and Stefanie

Rothstein and Terry and Judy Krebs free and clear of all liens, encumbrances, claims

and other charges pursuant to 11 U.S.C. §363(f);

Dated:  May 17, 2011              /e/ Erik A. Ahlgren
                                  Erik A. Ahlgren, attorney # 191814
                                  220 West Washington Av., Suite 105
                                  Fergus Falls, MN 56537
                                  218-998-2775
                                  Attorney for Trustee

**Verification**

I, Erik Ahlgren, the moving party in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: May 17, 2011

/e/ Erik Ahlgren_____
Erik Ahlgren, Trustee

# Purchase Contract

Date: *5-4-11*

This purchase contract is made on the above date between the Bankruptcy Estate of Bradley Charles Kuechle and Amy Linn Kuechle (BKY Case No. 10-43187)( "Estate" ) and *Jacob & Stefanie* ("Purchasers") *Rothstein / Terry & Judy Krebs*

**The Estate and Purchaser agree to the following terms:**

1. **Purchase And Sale.** Estate hereby agrees to sell and Purchasers agree to buy the Estate's interest in 10 shares of the Deer Lake Resort Association Inc. (the "Association"). A copy of the Association's By-Laws are attached hereto. The Estate is aware of no other Operating Agreement, Usage Agreement or Rules and Regulations of the Association.

   This Purchase Contract is subject to the approval of the Bankruptcy Court and will not constitute a valid or binding contract until approved by the Bankruptcy Court.

2. **Delivery of Share Certificate.** Upon Purchasers prompt and full performance of this contract, Estate shall deliver an original certificate representing the 10 shares transferred hereunder.

3. **Purchase Price.** Purchasers shall pay Estate, at its direction, the sum of $ *25,000* , as and for the purchase price, payable as follows:

   $------*0*------, Earnest Money, receipt of which is hereby acknowledged to be held in escrow and delivered to Estate at closing.

   $ *25,000* , Balance, payable on the date of closing.

4. **Personal Property.** This sale does not include any personal property.

5. **Ownership Rights.** Upon closing, Purchasers may immediately exercise all ownership possession, rights, including voting and usage rights relating to the Association and the property owned by the Association. The Association is the owner of certain real property, the deed to which is attached hereto.

6. **Title.** Title to the Association's real property owned is subject to:

   a. Building and Zoning laws, ordinances, state and federal regulations.
   b. Restrictions relating to use or improvements of the property without effective forfeiture provisions.

**c.** Reservation of any mineral rights

**d.** Utility and drainage easements which do not interfere with existing improvements;

**e.** A mortgage securing the debt owed by certain other members of the Association.

7. **Ownership Assessments.** Assessments of annual dues and fees owing as a result of share ownership will be pro-rated as of the closing date. The Estate will pay assessments accruing up to and including the closing date. Purchasers will pay assessments accruing after the closing date. Estimated assessments are as follows:

    **a.** Real estate taxes, other than as paid through shareholder dues and rental income earned by Deer Lake Resort Association.

    **b.** Estimated bi- annual dues in January and July of each calendar year of $250.

    **c.** Electricity and other utilities of _TBA_ annually

    **d.** Estimated additional funds of $500.00 annually requested by the Deer Lake Resort Association for repairs, maintence, and up keep of resort grounds and common buildings.

8. **Damages to Real Property.** If the real property owned or cabin to be purchased is substantially damaged prior to closing, this Agreement shall terminate and the earnest money shall be refunded to Purchaser; if damaged materially but less than substantially prior to closing, Purchaser may rescind this Agreement by notice to Estate within ten (10) days after Estate notifies Purchaser of such damage, during which period Purchaser may inspect the real property, and in event of such rescission, the earnest money shall be refunded to the Buyer.

9. **Condition of property.** Buyer has the right to a Walk-Through review of the property prior to closing to establish that the property is in substantially the same condition as of the date of this purchase agreement.

10.    **Minnesota Law.** This contract shall be governed by the laws of the State of Minnesota

11.    **Notice of Disclosure Requirement.**

**Statutory Disclosure**

Pursuant to Minnesota Statutes. Sections 513.52 through 513.60, a Seller of real property must provide a written disclosure or Buyer must have received an inspection report or Buyer and Seller may waive the written disclosure requirements.

*Subd. 2. Liability.*

*A seller who fails to make a disclosure as required by sections 513.52 to 513.60 and was aware of material facts pertaining to the real property is liable to the prospective buyer. A person injured by a violation of this section may bring a civil action and recover damages and receive other equitable relief as determined by the court. An action under this subdivision must be commenced within two years after the date on which the prospective buyer closed the purchase or transfer of the real property.*

**Waiver of Disclosure. Although this is not a sale of real property, Seller and Buyer waive any written disclosure which might be required under Sections 513.52 through 513.60**

*The written disclosure required under sections 513.52 to 513.60 may be waived if the seller and the prospective buyer agree in writing. Waiver of the disclosure required under sections 513.52 to 513.60 does not waive, limit, or abridge any obligation for seller disclosure created by any other law.*

12.      **Default.** The time of performance by Purchasers of the terms of this contract is an essential part of this contract. Should Purchasers fail to timely perform any of the terms of this contract Estate may elect to declare this contract cancelled and terminated by Notice of Default to be mailed to Purchasers giving Purchasers at least sixty (60) days, all right, title, and interest acquired under the contract by Purchasers shall then cease and terminate and all payments made by Purchasers pursuant to this contract shall belong to Estate as liquidated damages for breach of contract. Neither the extension of the time for payment of any sum of money to be paid hereunder nor any waiver by Estate of rights to declare this contract forfeited by reason of any default shall in any manner affect Estate's right to cancel this contract because of defaults subsequently occurring, and no extension of time shall be valid unless agreed to in writing.

13.      **Binding Effect.** The terms of this contract shall bind the parties hereto and their successors in interest,

14.      **Headings.** Headings of the paragraphs of this contract are for convenience only and do not define, limit or construe the contents of such paragraphs.

**Estate**

**Purchasers**

Bankruptcy Estate of Bradley Charles
Kuechle and Amy Linn Kuechle
(BKY Case No. 10-43187)
Erik A. Ahlgren, Trustee

5/9/11

Date

Date

5-4-11

MAY-5-2011  09:56A  FROM:                                        13209452165        TO:12187392258        P.6/7

OCT/19/2010/TUE 12:54 PM   CENTURY 21 VISTA          FAX No. 218 998 9326           P. 010

**SELLER'S DISCLOSURE ALTERNATIVES**

Century 21
Vista, Inc.

83.  Page 3

27040 Co May 83
Battle Lake

84.  Property located at _____

85.  F.  ____  ____  *Buyer has had the opportunity to review page four (4) of this Agreement.*
         (Initial) (Initial)

86.  G.  **NOTICE REGARDING CARBON MONOXIDE DETECTORS:**
87.  MN Statute 299F.51 requires Carbon Monoxide Detectors to be located within ten (10) feet from all sleeping
88.  rooms. Carbon Monoxide Detectors may or may not be personal property and may or may not be included in the
89.  sale of the home.

90.  H.  **NOTICE REGARDING PREDATORY OFFENDER INFORMATION:** Information regarding the predatory
91.  offender registry and persons registered with the predatory offender registry under MN Statute 243.166
92.  may be obtained by contacting the local law enforcement offices in the community where the property is
93.  located or the Minnesota Department of Corrections at (651) 361-7200, or from the Department of Corrections
94.  web site at www.corr.state.mn.us.

95.  I.  **SELLER'S STATEMENT:**
96.  *(To be signed at time of listing.)*
97.  Seller(s) hereby authorizes any licensee(s) representing or assisting any party(ies) in this transaction to provide
98.  a copy of this Disclosure to any person or entity in connection with any actual or anticipated sale of the property.

99.  _____ Trustee  10/22/10 _____
         (Seller)                    (Date) (Seller)                              (Date)

100. J.  **BUYER'S ACKNOWLEDGEMENT:**
101. *(To be signed at time of purchase agreement.)*
102. I/We, the Buyer(s) of the property, acknowledge receipt of this SELLER'S DISCLOSURE ALTERNATIVES form
103. and agree to the seller's disclosure option selected in this form. I/We further agree that no representations regarding
104. material facts have been made, other than those made in this form.

105. _____  5-4-11
         (Buyer)                    (Date) (Buyer)                              (Date)

106. K.  **ADDITIONAL DISCLOSURES:** _____
107. _____
108. _____
109. _____

110. L.  **SELLER'S ACKNOWLEDGEMENT:**
111. *(To be signed at time of purchase agreement.)*
112. AS OF THE DATE BELOW, I/we, the Seller(s) of the property, state that the material facts are the same, except
113. for changes as indicated below, which have been signed and dated.

114. _____
115. _____
116. _____

117. _____
         (Seller)                    (Date) (Seller)                              (Date)

118.  **ORIGINAL COPY TO LISTING BROKER; COPIES TO SELLER, BUYER, SELLING BROKER.**

MN:SDA-3 (8/09)

Produced with zipForm by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        Bradley and Amy

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

| Bradley Charles Kuechle | Bankruptcy No.  10-43187 |
| Amy Linn Kuechle, | Chapter 7 |

Debtors

## UNSWORN CERTIFICATE OF SERVICE

I, Erik A. Ahlgren, declare under penalty of perjury that on May 17, 2011 the following entities were served electronically via CM/ECF

Office of the United States Trustee, ustpregion12.mn.ecf@usdoj.gov
Robert Thyen,  Robb@hellerlawfirm.com

And by U. S. Mail:

Amy and Brad Kuechle
16373 County Rd 2
Watkins MN  55389

Terry and Judy Krebs
18831 Quaker Rd
Albany MN  56307

Jacob and Stefanie Rothstein
204  5th St
Saint Stephen MN  56375

Rick Knettel
President, Deer Lake Resort Association
4271 Xenia Rd
Rice MN  56367

Executed on: May 17, 2011

Signed:  /e/ Erik A. Ahlgren
Erik A. Ahlgren
220 W. Washington Ave. Ste 105
Fergus Falls MN  56537

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

                                               Bankruptcy No.  10-43187

Bradley Charles Kuechle

Amy Linn Kuechle,                                        Chapter 7 Case

        Debtors.

_____

### ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS
_____

This matter came before the Court upon motion by the trustee in the above referenced case, seeking approval to sell the Debtor's 10 shares in Deer Lake Resort Association, Inc. free and clear of liens.  Appearances were noted for the record at the time of the hearing.

The Court, having reviewed the file, record and submissions therewith, hereby finds as follows:

1.      Proper notice has been given to all parties in interest as listed in Local Rule 9013-3;

2.      Debtors own 10 shares Deer Lake Resort Association, Inc described in the Motion (the "Shares").

3.      Consummation of the sale pursuant to the terms described in the Motion is in the best interests of the estate.

**NOW, THEREFORE,** on the basis of the above findings of fact and conclusions of law, the Court hereby orders:

A.      The trustee is authorized to sell the Debtors' 10 shares of Deer Lake Resort Association, Inc. for $25,000 to Jacob and Stefanie Rothstein and Terry and Judy Krebs free and clear of all liens, encumbrances, claims and other charges (other than association dues) pursuant to 11 U.S.C. §363(f).

B.      The trustee is authorized to execute such documents as may be necessary to effect and consummate the agreement,

C.      The trustee is authorized to distribute the sale proceeds as follows:

1)      To Amy Nathe of Century 21 Realty $2,500 in commission
2)      To Deer Lake Resort Association prorated association dues
3)      closing costs associated with the sale

_____
The Honorable Nancy C. Dreher
United States Bankruptcy Judge